OTTO SCHILLING, et ux., v. CHARLES K. HARRINGTON, doing business as CHARLES K. HARRINGTON & COMPANY, et al.

186 So. 222.
Division A.
Opinion Filed October 4, 1938.
Rehearing Denied October 31, 1938.

*Mercer & Simms*, for Appellants;

*Louis Schwarzkopf, John A. Bouvier, Wallace F. Perry, I. P. Henderson, Stanley C. Myers, Blakely & Quinan* and *W. F. Brown*, for Appellees.

PER CURIAM.—The appeal is from a final decree in proceedings to enforce liens arising under the statutes applying to contractors, laborers and materialmen.

We find from perusal of the record that the history of

the case is succintly and correctly stated in the briefs, substantially as follows:

Appellee, Charles K. Harrington, doing business as Charles K. Harrington & Co., adds the following statement of facts and of pleadings that he deems necessary to a fair determination of the case:

On October 30th, 1935, the appellants, Otto Schilling and K. Schilling, his wife, the owners of the real property involved in this cause, made a contract with Dickens & Knapp, general contractors, for the construction and erection of a house on the real property involved in this cause for the sum of Six Thousand ($6,000.00) dollars. Dickens & Knapp then entered into agreements with various sub-contractors and materialmen for the furnishing of materials and labor in connection with the construction of the said house. Prior to January 17th, 1936, the appellants had paid to the general contractors the sum of $4200.00 on account of their contract. On that day, to-wit, January 17th, 1936, appellants made a payment by check of $300.00 directly to W. G. Lunney Tile Co., one of the claimants herein. This total sum of $4500.00 admitted by counsel, was the only monies paid by appellants either to the general contractor, sub-contractors or materialmen prior to the institution of the above suit.

The appellee, Charles K. Harrington, one of the subcontractors on the job, entered into his contract with Dickens & Knapp, the general contractors, on January 6th, 1936, and agreed to furnish certain materials (paints, etc.) and labor for the construction of appellants' house. The amount of the sub-contract was $418.71. After Harrington had completed approximately 55% of his work in accordance with his contract with the general contractors, one of the general contractors died and the other abandoned the job. Although $4200.00 had been paid by the appellants to the

general contractors up to this time, Harrington had received no money on account of his work. Thereupon, Harrington went to the appellants and it was agreed that if Harrington completed his sub-contract, the appellants would personally guarantee his payment in full for the work to be performed. Relying upon appellants' promise to pay him in full for his independent contract with them, appellee finished his work early in February, 1936. Upon demand of Harrington and appellants' refusal to pay, appellee duly filed a notice of lien on the premises on March 2nd, 1936, in the amount of $418.71. On July 14th, 1936 Harrington filed his bill of complaint in the lower court seeking to foreclose his lien. Appellants and other lien claimants were made parties defendant. Subsequent to the filing of the bill of complaint, appellants deposited in the registry of the Court the sum of $1,500.00, stating that the same was the balance due on their contract with the general contractors, Dickens & Knapp, and that this sum was being brought into the court for the benefit of all materialmen and laborers who were not paid. In addition to Appellants' reply to the bill of complaint, answers and cross-bills were filed by the various lien claimants. Thereupon the case was referred to a special master and, after taking testimony, the master's report was duly filed. Exceptions were taken to the master's findings by the appellants, and by Lindsley Lumber Company, one of the lien claimants. The Court confirming the material findings of the master, decreed that the payment made by the appellants on January 17th, 1936, in the amount of $300.00 to the Lunney Tile Company was preferential and improper, and that a like sum be deposited in the registry of the court for benefit of lien claimants.

The Court also decreed that the appellee Charles K. Harrington, doing business as Charles K. Harrington & Co., share *pro rata* with the other lienors as to the amount de-

posited in the registry of the court up to 55% of the total amount of his contract (the time of abandonment by the general contractor) and that he have a lien in full against the real estate and improvements thereon for the remaining 45% of his contract for the work done under the independent and separate agreement with the appellants. The Court likewise decreed that Eugene Hanlon, another lien claimant was similarly situated with the appellee Harrington and that he share *pro rata* as to the amount deposited in the court registry up to 50% of the total amount of his contract and that he have a lien in full against the real estate and improvements thereon for the remaining 50% of his contract.

Appellants appealed from this decree.

The assignments of error are:

"1. The court erred in entering the final decree dated March 7, 1938, recorded March 8, 1938, in Chancery Order Book 461, page 321.

"2. The court erred in and by its final decree allowing the defendants in error, Charles K. Harrington doing business as Charles K. Harrington & Company, and Eugene Hanlan, the sums of $188.42 and $301.50, respectively, in addition to the *pro rata* share of said parties from the monies in the registry of the court, thus requiring the plaintiffs in error to pay said respective sums less *pro rata* of costs, in addition to the monies in the registry of the court.

"3. The court erred in and by its final decree in requiring the plaintiffs' in error to pay sums of money, to the defendants in error, Charles K. Harrington, doing business as Charles K. Harrington & Co., and Eugene Hanlon, additional to the monies deposited in the registry of the court.

"4. The court erred in and by its final decree in not finding and providing that the plaintiffs in error were

justified in completing the job when the contractor fell down on it, by direct contracts with said defendants in error, Charles K. Harrington & Company and Eugene Hanlon, and paying the costs of these direct contracts out of the balance due on the general contract, being the $1,500.00 deposited in the registry of the court."

Upon consideration of the entire record, we find no reversible error and we see no useful purpose to be served by writing any further opinion because the decree is sound in law and is based upon sufficient substantial testimony appearing in the record.

The decree is affirmed.

So ordered.

Affirmed.

Ellis, C. J., and Terrell and Buford, J. J., concur.

Whitfield, P. J., and Brown and Chapman, J. J., concur in the opinion and judgment.

### On Petition for Rehearing

Per Curiam.—On petition for rehearing our attention is called to the fact that in our opinion filed herein on October 4th, among other things, we said:

"The Court, confirming the material findings of the master, decreed that the payment made by the appellants on January 17th, 1936 in the amount of $300.00 to the Lunney Tile Company was preferential and improper, and that a like sum be deposited in the registry of the court for benefit of lien claimants." * * *

While, as a matter of fact, the decree did not require "that a like sum be deposited in the registry of the court for benefit of lien claimants." The last quoted words should

be, deleted from the opinion and the petition for rehearing denied.

So ordered.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.